UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Developers Surety and Indemnity Company,

        Plaintiff,

vs.                               Case No. 3:09-cv-600-J-25MCR

Quality Touch Concrete, Inc., et al.,

        Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motions for Entry of Clerk's Default (Docs. 13, 14) filed November 16, 2009. Plaintiff, Developers Surety and Indemnity Company, seeks entry of a default against Defendants, Quality Touch Concrete Inc. and Cecil Wiseman, Sr.

Rule 55(a) provides for the entry of a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." An order for entry of default is within the discretion of the Court. Marschhauser v. Travelers Indemnity Co., 145 F.R.D. 605, 610 (S.D. Fla. 1992). In order to obtain entry of a clerk's default, a plaintiff must first effect service of the summons and the complaint properly on the defendant within 120 days of the filing of the action as required by Rule 4(m). See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) (finding that "service of process must be effective under the Federal Rules of Civil Procedure before a default ... may be entered against a defendant") (citations omitted);

see also DeJesus v. CC720, LLC, 2008 U.S. Dist. LEXIS 63221, 2008 WL 285663, at *2 (M.D. Fla. 2008) (holding that "all motions for entry of default or motions for default judgment must contain analysis of the appropriate section of the Florida Statutes governing service of process applicable to the type of entity against whom judgment is sought").

Rule 4(e) of the Federal Rules of Civil Procedure provides that service of process of the summons and complaint may be made on an individual defendant: (1) pursuant to state law in which the district court is located or in which service is effected, (2) by delivering a copy of the summons and complaint to the individual defendant personally, (3) by leaving a copy of the summons and complaint at the individual defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or (4) by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Rule 4(h) of the Federal Rules of Civil Procedure provides that service of process of the summons and complaint may be made on a corporation by: (1) delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant; or (2) in the manner prescribed by Rule 4(e)(1), which allows for service pursuant to state law in which the district court is located or in which service is effected.

Upon review of the record, the Court notes summonses were issued on July 2, 2009 as to Quality Touch Concrete Inc., Cecil Wiseman, Sr., Cecil N. Wiseman, Jr., and Kamy L. Wiseman.[1]  On October 7, 2009, this Court entered an Order granting Plaintiff an extension of time to effectuate service upon Defendants until December 16, 2009. (Doc. 6).  On November 4, 2009, Plaintiff filed Returns of Service executed on October 13, 2009 as to Quality Touch Concrete Inc., Cecil Wiseman, Sr., and Cecil N. Wiseman, Jr.  (Docs. 7, 8, 9).  Said Returns of Service indicate service were effectuated upon "'Jane Doe', a person in charge at recipient's private mailbox location at the address of: 445 SR 13 #26, Box 285, Jacksonville, FL 32259."  Id.  Additionally, on November 4, 2009, Plaintiff filed Declarations of John A. DeMarr, P.I., stating a diligent search was conducted to locate the defendants.  (Docs. 10, 11, 12).  Mr. DeMarr listed the following three addresses as the "possible" location of Quality Touch Concrete Inc., Cecil Wiseman, Sr., and Cecil N. Wiseman, Jr.:

> 5771 Mining Terrace, Suite 102, Jacksonville, FL 32257
> 5783, Mining Terrace, Suite 4, Jacksonville, FL 32257
> 445 SR 13, Suite 13, Box 26, Jacksonville, FL 32256[2]

Id.  Plaintiff's Motion provides no information for the Court to consider in determining whether service upon "Jane Doe", a person in charge at recipient's possible mailbox location was proper.  See (Docs. 13, 14).  Therefore, the Court is not convinced Defendants were properly served here.

---

[1] The instant Motion is brought against Quality Touch Concrete, Inc. and Cecil Wiseman, Sr. See (Docs. 13, 14).

[2] The Court notes that 445 SR 13 #26, *Box 285*, Jacksonville, FL 32259 was served here. See (Doc. 7, 8, 9).

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motions for Entry of Clerk's Default (Docs. 13, 14) are **DENIED without prejudice**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  19th  day of November, 2009.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party